DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Williams, | ) | |
| | ) | CASE NO. 1:07 CV 3548 |
| Petitioner-Defendant, | ) | (Criminal Case No. 1:06 CR 244) |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| | ) | |

I. Introduction

Brian Williams, the petitioner-defendant, filed on November 14, 2007 a pro se petition pursuant to the provisions of 28 U.S.C. §2255, seeking habeas relief from his sentence to a term of confinement for 180 months for violation of 18 U.S.C. § 922 (g)(1), a felon in possession of a firearm. The Court determined that the defendant's total offense level was 31 with a Criminal History category of VI, calling for a sentencing range under the advisory sentencing guideline calculation of 188 to 235 months. The defendant was faced with a mandatory minimum period of confinement for 180 months. The Court varied downward from the low end of 188 months to a sentence of 180 months. The docket reflects that the defendant did not appeal his sentence.

II. The Rules Governing Cases Filed Pursuant to 28 U.S.C. § 2255

Rule 4 provides:

> (a) **Referral to a Judge.** The clerk must promptly forward the motion to judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.

(1:07 CV 3548
 Criminal Case 1:06 CR 244)

> (b) **Initial Consideration by the Judge.** The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### III.  The Court's Initial Consideration

The Court requested a copy of the sentencing entry, a copy of the presentence report, a copy of the transcript of the hearing conducted on July 28, 2006 at which the defendant entered his plea of guilty, and a copy of the transcript of the sentencing hearing conducted on November 9, 2006. The Court now has those documents for review in the context of Rule 4, above cited.

### IV.  The Claims Advanced by the Petitioner

1. Violation of 6th Amendment, due to the ineffective assistance of counsel[1]

2. Lack of Jurisdiction[2]

3. Defendant contends that the district court erred in not determining Jurisdiction prior to

---

[1] The supporting facts advanced by the petitioner in his pro se capacity, state as follows:
   1) The attorney never help [sic] me understand the charges that I was being charged and/or indicted on which the attorney manipulated me into Pleading Guilty to False Charges.
   2) Attorney never filed appeal like I asked, "Direct Appeal".
   3) Attorney never filed ANY Motion for me while going through court hearings.
   4) Attorney lied to me telling me if I plead guilty I would get 5 years.

[2] The supporting facts set forth by the pro se petitioner state:
   The Fact that the Defendant was not traveling through interstate commerce or on any Federal land. So therefore the Federal Government had no jurisdiction of charging and/or indicting me on any Federal Charge.

(1:07 CV 3548
 Criminal Case 1:06 CR 244)

entertaining the cause.

4. Violation of 5th Amendment, Double Jeopardy[3]

V. The Defendant's Guilty Plea Hearing

The Court has reviewed the transcript of the hearing conducted on Friday, July 28, 2006 when the defendant entered a plea of guilty to the crime of a violation of 18 U.S.C. § 922 (g)(1). The Court engaged in a painstaking laborious colloquy with the defendant before it accepted the defendant's plea of guilty to the charge. During the hearing counsel for the government presented a factual basis for the guilty plea as follows:

> THE COURT: Now, I need a factual basis for the proposed plea of guilty, and let me explain what a factual basis means, Mr. Williams.
> In addition to you telling me you're guilty, I have to find that the evidence demonstrates the fact that you committed the crime charged. And I'm going to ask Mr. Becker to tell me what the government would establish if this case were to go to trial by way of a factual basis.
> MR. BECKER: Thank you, Your Honor.
> If this case proceeded to trial, the government's prepared to prove that prior to April 2nd of this year, the defendant was convicted of at least four separate felony offenses as charged in the indictment; one for trafficking in drugs, one for attempted felonious assault, one for assault on a police officer, and another one for domestic violence.
> It is also prepared to prove at trial that on the date of April 2nd, shortly after midnight, police dispatchers radioed a report that there was a complaint at the defendant's address, 9110 Cannon Avenue, in Cleveland, of a domestic violence dispute.
> Apparently, the report was that a man was hitting a woman at that address, and the police then immediately responded to that location.
> En route to that location, the dispatcher provided additional

---

[3]The supporting facts set forth by the pro se petitioner state:
  Due to the fact that the State of Ohio charged the defendant with Possessing a Weapon under Disability. Then the Federal Government indicted me on Title 18, 922 (g)(1) for the same alleged crime.

3

(1:07 CV 3548
 Criminal Case 1:06 CR 244)

    information that the person was actually Brian Williams and that he was carrying a gun and had fired a gun at his residence.

    The police apprehended him immediately. They also - the dispatch disclosed the make and model of the car, a Mercury Sable. They located him within a block or so of this residence, stopped his car, and some of the others there had already known Mr. Williams and recognized him right away. And while they were conducting the stop, the officers noticed that there was on the passenger seat a firearm. It was, in fact, the .32 caliber H & R firearm that was mentioned in the indictment with that serial number.

    He was arrested then at that point and taken to the police station. He was Mirandized before any statements were made, but on the way to the police station he said to the police officers on several occasions something to the effect that "That person will change their story when I get out."

    He didn't use the word "person," but a derogative term.

    After he was in custody at the police station, the next day he was interviewed by a detective, again read his Miranda rights, and asked if he wanted to waive those.

    He agreed to make a statement and said yes, that he had had an altercation that prior evening with Anetha Pulvert that was his stepdaughter and that hey had been having arguments. Things got heated that night.

    He said that he was mad, went outside and fired a shot into the air, just one shot, and that he denied, however, threatening any of the family members with that firearm.

    We would also be prepared to prove that not only did he possess the firearm that night, and admitted the next day that was his firearm and that's what happened, he fired it, but also we would prove that the H & R, Harrington and Richardson .32 caliber firearm was manufactured in Massachusetts so it had to travel rom out-of-state into Ohio, and that the ammunition was made either in Connecticut or in Arkansas, but either way, it had to travel in interstate commerce in order to arrive and be in Ohio.

    And we can be prepared and are prepared to prove those facts at trial, Your Honor.

THE COURT:  Thank you. The Court finds there is a factual basis to support a plea of guilty if, in fact, Mr. Williams elects to plead guilty here today.

(1:07 CV 3548
 Criminal Case 1:06 CR 244)

### VI.  The Court's Ruling after the Rule 4(a) Review

The petitioner-defendant's pro se request for relief based on the claim that the Court lacked jurisdiction is without merit.  The additional claim that the Court erred in determining jurisdiction is without merit.  The claim that his prosecution was in violation of his rights in the context of double jeopardy is without merit.

The claim that the petitioner-defendant received ineffective assistance of counsel from his appointed lawyer, George Pappas, requires further examination.  The Court has examined the transcript of the defendant's guilty plea and finds that the Court engaged in a lengthy explanation of the nature of the crime of possession of a firearm that had traveled in interstate commerce and responded to the defendant's questions.  After a review of that transcript, the Court finds that the petitioner's claim that his counsel did not help him to understand the nature of the crime charged does not rise to the denial of the effective assistance of counsel because the petitioner can not prove prejudice on such a claim.

The additional claims brought by the petitioner that his assigned counsel failed to file a notice of appeal as requested, that his counsel failed to file any motions, and that his counsel told him that he would receive a sentence of five years, set forth claims of the denial of the effective assistance of counsel.

Consequently, the government is directed to file a response to the petitioner's remaining claims of the denial of the effective assistance of counsel by Thursday, February 28, 2008.

(1:07 CV 3548
 Criminal Case 1:06 CR 244)

In the event the petitioner wishes to file a response to the government's brief, the petitioner shall have 45 days after the response of the government to file a reply in support of habeas relief.

## VII. Additional Orders

Transcripts of the hearing of Friday, July 28, 2006 and the sentencing hearing of November 9, 2006, shall be filed with the Clerk. Copies of the transcripts shall be forwarded to the petitioner. A copy of this Order shall be forwarded to the pro se petitioner.

IT IS SO ORDERED.


 January 29, 2008                     /s/ David D. Dowd, Jr.
Date                                  David D. Dowd, Jr.
                                      U.S. District Judge